QUEEN INSURANCE COMPANY *v*. LOUIS BETBEZE.

[53 South.. 592.]

NEW TRIALS. *Grounds. Surprise. Code*, 1906, § 744. *Pleadings*.

> Where to a. defense specially pleaded by notice under the general issue, as authorized by Code 1906, § 744, plaintiff was permitted to introduce evidence in avoidance, by filing a counter notice during the trial, defendant asking but being denied a continuance, and a verdict was rendered for plaintiff, · a new trial should be granted upon a showing that the defendant would produce evidence, not available on the first trial, materially contradicting and discrediting plaintiff's testimony of which notice was first given on the trial.

FROM the circuit court of Lauderdale county.

HON. JOHN L. BUCKLEY, Judge.

Betbeze, appellee, was plaintiff in the court below; the insurance company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts of the case are stated in the opinion of the court.

*McLaurin, Armistead & Brien* and *Baskin & Wilborn*, for appellant.

*McBeath & Miller*, for appellee.

MAYES, C. J., delivered the opinion of the court.

Betbeze was a holder of a fire insurance policy, on certain household furniture, in .the Queen Insurance Company for the sum of fifteen hundred dollars. While the insurance ˉwas in force, the property covered was destroyed by fire. The insurance company refused to pay the amount of the policy, whereupon suit was instituted to recover same. The declaration was in the usual form, making the policy an exhibit. No peculiar feature of the declaration is necessary to be stated in

this opinion, since the turning point of the case does not involve this feature of the pleading. The insurance company pleaded in defense the general issue, and gave notice, under the general issue, that on the trial it would offer evidence to show that by the terms of the contract it was provided that "this entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." That no such permission was indorsed or added to the policy, but, notwithstanding this fact and in violation of the terms of the policy, plaintiff did have other insurance during the existence of the policy sued on, without permission or knowledge of appellant. No replication was filed by appellee to this notice, and the case went to trial on the issues thus made by the pleading; that is to say, squarely on the denial of liability on the part of appellant, under the terms of the policy, because the appellee had violated the contract by taking out other insurance without permission of appellant indorsed on or added to the policy. In this attitude of the pleading Betbeze himself took the witness stand, and undertook to testify, in avoidance of the clause in the insurance policy above quoted, that, at the time he took out the policy of insurance now in suit, he informed the agents of appellant that he then had on the property additional policies amounting to thirty-five hundred dollars, and that the policy in suit was issued with full knowledge on the part of appellant's agents that there was concurrent insurance, and the premiums paid and accepted with this knowledge, and therefore appellant had waived the clause in the policy relied on by appellant as a defense. This testimony was objected to by appellant on the ground it was inadmissible under the pleadings, counsel for appellant stating to the court that the suit had been brought on the policy; that appellant

had pleaded the general issue, giving notice thereunder that it relied on a condition in the policy, violated by appellee, as a defense to the suit; that appellant had no notice in the pleadings that appellee would claim that appellant had waived the stipulation in the policy.

Without further following the objections urged by appellant, we need only say that it concluded by the court allowing appellee to amend and file notice that he would offer evidence to show that appellant waived the terms of the policy relied on by having knowlege of, and issuing the policy sued on in full view of, the fact that appellee then had thirty-five hundred dollars concurrent insurance on the identical property. When the court allowed appellee to make this statement, appellant asked for a continuance, but the court refused same. The appellant of course, denies that it had notice of any concurrent insurance, or waived, in any way, any of the provisions of the policy in regard to concurrent insurance. On the trial appellee testified that the insurance of which appellant had notice consisted of two policies, one for three thousand dollars taken out with Hunter in a company which he represented, and one for five hundred dollars taken out with a Weems in a company which he represented. The trial resulted in a verdict for appellee for the full amount of his policy. Appellant made a motion for a new trial, claiming surprise and inability to meet the phase of the case made by the amended pleading, and on the hearing of the motion made substantially the following affidavit in support thereof: The affidavit states that appellant will contradict appellee by showing that at the time appellant issued its policy, although appellee testified that he then had a policy for three thousand dollars in a company represented by Hunter, in truth and in fact appellee did not have any such policy, and of course could not have notified appellant of a policy that had no existence in fact. Appellant states in the affidavit that appellee at one time did have

a policy in the company represented by Hunter, but that policy had expired before appellant issued its policy. The court overruled the motion for a new trial, and hence this appeal. If appellant can prove that appellee had no three thousand dollars policy at the time its policy was issued, the jury would be well warranted in finding that appellant had no notice of any other insurance. It is not pretended that any notice was given of additional insurance by appellee to appellant, except at the time of taking out the policy in question, and, if there was no other insurance on the property, this testimony might materially affect the value of the witness' testimony.

On the whole record, we think the court should have set aside the verdict and granted a new trial.

*Reversed and remanded.*